## ACME COAL & MINING CO. v. BRIGGS et al.

No. 20444. Opinion Filed March 11, 1930.

Rehearing Denied April 15, 1930.

Clayton B. Pierce, for petitioner.

Anton Koch, for respondent W. W. Briggs.

Ralph G. Thompson, for respondent State Industrial Commission.

CLARK, J. This in an original action filed in this court by petitioner to review an award of the State Industrial Commission, made and entered on the 11th day of May, 1929, wherein the Industrial Commission found that respondent, W. W. Briggs, was engaged in a hazardous occupation, subject to and covered by the Workmen's Compensation Law, and that while in the course of such employment, and arising out of the same, claimant sustained an accidental injury. That by reason of said accidental injury claimant sustained multiple injuries, consisting of a fracture of the second and third lumbar vertabrae, causing a stiffness of the spine and back; that he sustaned a hernia; that he also sustained the loss of the second finger of the left hand by amputation, and that by reason of the aforementioned injury claimant has been temporarily totally disabled from performing ordinary manual and mechanical labor from the date of the injury, September 12, 1927, to April 7, 1929, and is still so disabled; that claimant is in need of further operative treatment to correct the hernia, and also operation on the second finger of the left hand; that claimant has sustained a permanent injury, the extent of which can be more definitely determined at some future date; that claimant's average daily wage, at the time of the injury, was $4.36 per day; that claimant is entitled under the law to compensation at the rate of $16.77 per week from the date of the injury, September 12, 1927, to April 12, 1929, less the five-day waiting period, less any sum or sums heretofore paid, and said respondent continue the payment of compensation at the rate of $16.77 per week until further ordered by this Commission; that respondent tender to claimant an operation for the hernia by some competent physician other than Dr. W. O. Vernon; also an operation for the second finger of the left hand. It is this order and award that petitioner asks this court to review.

Petitioner in its brief contends that the method of computation or the determination of the Industrial Commission was incorrect under the law. Petitioner cites section 7289, C. O. S. 1921, which provides:

"Basis of Compensation—Weekly Wages —Time of Service. Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the previous year immediately preceding his injury, his average annual earnings shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of

arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

It appears from the record in this case that the Industrial Commission arrived at the amount of compensation due claimant under subdivision 1, section 7289, supra. The record in this case discloses that claimant worked during the year previous to the accident 234½ days; that during that time the mine ran 198½ days. Subdivision 1 of section 7289, supra, provides:

"If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole year immediately preceding his injury, his average annual earnings shall consist of 300 times his * * * daily wage or salary which he shall have earned for such employment during the days when so employed."

What constitutes substantially the whole of a year immediately preceding his injury is a question of fact to be determined by the Industrial Commission. No case is called to our attention which determines what shall be construed to mean substantially the whole of the year immediately preceding his injury. The Industrial Commission's finding that claimant's compensation should be determined by subdivision 1 is a question of fact, and when determined by the Industrial Commission, if there is any evidence reasonably tending to support said finding, the same will not be determined by this court on review.

It, therefore, follows that the award of the Industrial Commission should be, and the same is, affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, ANDREWS, and SWINDALL, JJ., concur.

Frank Hickman, for plaintiffs in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

FOSTER, C. J. H. Maxwell and E. W.